**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                                                    Case No.:21-17336-MAM
                                                                                                Chapter 12
ANISA NAZAROVA

      Debtor.
_____/

**DEER RUN PROPERTY OWNERS' ASSOCIATION, INC.'S MOTION TO DISMISS CHAPTER 12 CASE WITH PREJUDICE FOR BAD FAITH FILING AND FOR ORDER GRANTING PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY**

      Secured Creditor, DEER RUN PROPERTY OWNERS' ASSOCIATION, INC. ("Deer Run" or "Secured Creditor"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§1208, 362(d) and 105(a) of the United States Bankruptcy Code, moves this Court to dismiss this Chapter 12 Bankruptcy with prejudice as filed in bad faith by the Debtor, ANISA NAZAROVA, and/or grant Deer Run *in rem* prospective relief from the automatic stay for a minimum of two (2) years for the reasons that follow:

**BACKGROUND AND FACTUAL BASIS FOR DISMISSAL OF DEBTOR'S CHAPTER 12 CASE FOR BAD FAITH FILING**

      1.    The Debtor here seeks to avail herself of the bankruptcy protections and relief provided by Chapter 12 of the Bankruptcy Code.

      2.    Deer Run is a Florida not for profit corporation and homeowners' association under Chapter 720, Florida Statutes. It is the corporate entity responsible for the operation, management, and maintenance of the Deer Run residential community located in Palm Beach County, Florida, pursuant to and in accordance with its recorded Declaration of Covenants, Restrictions and Conditions and other governing documents, as amended from time to time (Governing Documents").

3. Deer Run Association is a Secured Creditor pursuant to applicable state law relative to the real property that the Debtor claims an interest in her Chapter 12 bankruptcy petition.

4. Although this is the Debtor's first Chapter 12 filing, the instant case is the **fifth** bankruptcy case filed that has impacted Deer Run as a Secured Creditor relative to the following described real property (the "Subject Property"):

> Lot 122, DEER RUN, according to the Plat thereof as recorded in Plat Book 35, Page 34 of the Public Records of Palm Beach County, Florida.

5. The Debtor is apparently a Russian Citizen, who, based upon information and belief, has never resided at the Subject Property. Nevertheless, through her Chapter 12 Petition, the Debtor claims an interest in the Subject Property, by claiming she is the sole proprietor of a full time or part time business and listing the Subject Property as a "family farm". (See Doc.#1 Part 3 at p. 4).

6. The Debtor also listed Deer Run, PNC Bank, N.A. (PNC) and Fidelity National Title Group Commonwealth Land Title Insurance Company (Fidelity), as creditors on her creditor service matrix pursuant to Local Rule 1007-2.

7. When the Debtor filed her Chapter 12 case, she did not (i) execute her initial petition for relief under Chapter 12 of the Code, or file a Summary of Assets and Liabilities, Schedules A-J, Schedule of Financial Affairs, Declaration Concerning Debtors Schedules, or Payment Advices (See Doc# 6).

8. In essence, the Debtor's Chapter 12 filing was substantially if not completely deficient in contravention of the Bankruptcy Code and Local Rules.

9. The Debtor than sought two extensions of time to satisfy her basic filing requirements. (See Docs. #17 & #23).

10. While the Debtor's first *ex parte* motion for extension was granted as a matter of course (Doc.#22), the Debtor's second motion was denied by the Court. (Doc. # 30).

11. This prompted the Debtor's counsel to move to withdraw (Doc. #32).

12. As such, during the short life of this Chapter 12 case, the Debtor has already engaged in unreasonable delay that is prejudicial to Deer Run, as a Secured Creditor of the Subject Property.

13. Moreover, the date and time the Debtor filed her Chapter 12 petition was earlier the same day as Deer Run's scheduled evidentiary hearing in its state court foreclosure action against the Subject Property to determine the amounts of attorneys' fees and costs awardable to Deer Run. Deer Run believes this Chapter 12 filing was for the purpose of thwarting that hearing from proceeding.

## HISTORY OF BANKRUPTCY FILINGS BY LILIA RUSSO BELKOVA

14. Lillia Russo Belkova (Belkova) has claimed to be the daughter of the Debtor in other court proceedings involving PNC and is being represented by the same attorney as the Debtor in this Chapter 12 case before the Court granted Debtor's counsel permission to withdraw.[1]

15. In addition, Belkova holds title to the Subject Property by virtue of being the "Successor Trustee of the Land Trust Agreement No. 072003 dated 2/9/04". A true copy of the Quit Claim Deed recorded at Official Record Book 24985, Page 1196 of the Public Records of Palm Beach County, Florida is attached hereto as **Exhibit "A"** and a copy of the Land Trust

---

[1] Deer Run refers to Belkova as the Debtor's daughter throughout this motion, however, has no actual proof the Debtor is in fact Belkova's mother. Rather, Belkova has made this representation to multiple courts through her numerous bankruptcy filings and related adversary proceedings and appeals.

Agreement that has been relied upon by Belkova as the basis for her legal and equitable title to the Subject Property is attached hereto as **Exhibit "B."**

16. On October 6, 2011, Belkova filed for relief under Chapter 7 of the Bankruptcy Code in the Middle District of Florida, commencing case number 11-07333-JAF (the "First Bankruptcy Case").

17. The First Bankruptcy Case imposed a stay on Deer Run proceeding in state court against Belkova in a case that was originally filed in 2007 against the prior owner of the property, Joseph M. Hanratty, As Trustee of Land Trust Agreement No. 07200 Dated 02/09/04. This state court case is Case No. 2007CA001321 (the "Deer Run 2007 State Court Lawsuit"). This case was filed to seek injunctive relief to compel the owner of the property to maintain and repair the property pursuant to Deer Run's Governing Documents.

18. On November 11, 2012, Belkova received a Chapter 7 discharge.

19. On November 4, 2013, Belkova filed for relief under Chapter 12 relief in the Middle District of Florida, initiating case number 13-13644-CCJ in the Orlando Division and again staying Deer Run from proceeding in state court. On December 20, 2013, the case was transferred to the Middle District of Florida, Jacksonville Division, and was assigned case number 13-07570-JAF (the "Second Bankruptcy Case"). A true copy of the Second Bankruptcy Case Docket is attached hereto as **Exhibit "C."**

20. During the pendency of the Second Bankruptcy Case, Deer Run sought relief from the automatic stay with respect to the Subject Property. On December 15, 2015 the Court entered an "Agreed Order Granting Deer Run Property Owners' Association, Inc's Motion for Relief From the Automatic Stay" (Second Bankruptcy Case Doc. #244; the "Stay Relief Order"). A true copy of the Stay Relief Order is attached hereto as **Exhibit "D."**

21. The Stay Relief Order provided that stay relief was granted to proceed with the 2007 Lawsuit as well as to permit Deer Run Association "to proceed in all respects in regard to any post-petition assessments claimed to be owed to Deer Run by the Debtor [Belkova] which the parties agree are not dischargeable."

22. The Stay Relief Order further provided that Deer Run "stipulates that the pre-petition assessments are dischargeable, will not oppose the Debtor's [Belkova's] Motion to Value in regard to such pre-petition assessments and a separate order shall be entered as to such Motion."

23. Belkova sought multiple times to vacate or reconsider the Stay Relief Order, as well as to re-impose the stay as against Deer Run Association during the Second Bankruptcy Case. The Bankruptcy Court denied every such effort. (See Second Bankruptcy Docket at Doc. #253, 259, 264, and 267)

24. On March 16, 2016, Belkova filed a Notice of Appeal (Second Bankruptcy Case Doc. #272), initiating District Court appeal of the Stay Relief Order as well as the corresponding Orders Denying reconsideration of the Stay Relief Order.

25. On November 16, 2016, the District Court dismissed Belkova appellate case. A true copy of the Order of Dismissal is attached hereto as **Exhibit "E."**

26. On January 27, 2017, during the pendency of the Second Bankruptcy Case, the Bankruptcy Court entered an "Order Granting Belkova's Motion to Determine Secured Status of Deer Run Property Owners' Association and Strip Lien Effective Upon Discharge" (Second Bankruptcy Case Doc #358; the "Valuation Order"), effectively stripping at discharge Deer Run's secured claim and lien for moneys owed pre-petition in the Second Bankruptcy Case. (See Second Bankruptcy Docket at Doc. #502).

27. After receiving her Discharge, Belkova filed and Amended Schedule C under penalty of perjury, claiming the Subject Property to be "Florida Homestead Exemption on beneficial interest I own as joint tenant with right of survivorship in my homestead property," which is inconsistent with the Palm Beach County Property Appraiser records, and her claim in the State Court Foreclosure that she is a commercial tenant of the Subject Property pursuant to a commercial lease. A true copy of Belkova's Amended Schedule "C" in the Second Bankruptcy Case and her Answer filed in the State Court Foreclosure are attached hereto as **Exhibits "F" and "G,"** respectively.

28. Pursuant to the relief afforded Deer Run in the Stay Relief Order, on February 8, 2017, Deer Run filed a foreclosure action relative to the Subject Property in the County Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, in a case styled *Deer Run Property Owners' Association, Inc. v. Lilia Belkova As Successor Trustee of the Land Trust Agreement No: 072003 Dated 2/9/04, Unknown Tenant One and Unknown Tenant Two,* Case No. 2017CC001472 (the "Deer Run Foreclosure Action"). A copy of the State Court docket of the Deer Run Foreclosure Action is attached hereto as **Exhibit "H."**

29. Belkova vexatiously litigated in opposition to the Deer Run Foreclosure Action for over four (4) years, which final culminated in the entry of a Final Judgment of Foreclosure **on September 13, 2021**.

30. The state court's findings regarding Belkova's bad faith litigation are set forth in the state court's "Order Denying Defendant Lilia Belkova's Verified Emergency Motion to Continue Hearing on Plaintiff's Motion for Summary Judgment Set for April 29, 2021" dated June 9, 2021; "Order Granting Plaintiff Deer Run Property Owners Association, Inc.'s Amended Motion for Summary Judgment" dated June 9, 2021; and "Order Awarding Plaintiff Attorney's

Fees and Costs" dated September 13, 2021. Copies of these state court orders are attached hereto as Exhibits **"I", "J", and "K"**, respectively.

31. During the pendency of the Deer Run Foreclosure Action and the Second Bankruptcy Case, the public records also reflect that on July 13, 2019, Belkova, as trustee of the Land Trust No. 072003 dated 2/9/04, executed a mortgage loan with an entity named Enterprise Funding Solutions LLC, in the amount of $95,000.00 and secured by the Subject Property (the "Enterprise Funding Mortgage"). A copy of the Enterprise Funding Mortgage is attached hereto as **Exhibit "L."**

32. This Enterprise Funding Mortgage was procured while Belkova's Second Bankruptcy Case remained pending, **yet the case docket reflects no Order approving or allowing the transaction** in violation of §362(d)(4). Belkova obtained the Enterprise Funding Mortgage while Belkova sought to obtain a hardship discharge in the context of the Second Bankruptcy Case and also while the Belkova was actively defending against a Motion for Stay Relief filed by PNC Bank, another creditor with secured interest in the Subject Property.

33. Moreover, despite her claim she has an interest in the Subject Property, the Debtor in this case did not execute the Enterprise Funding Mortgage.

34. On May 7, 2020, notwithstanding the pending Second Bankruptcy Case still proceeding, Belkova filed another petition for relief under Chapter 12 of the Bankruptcy Code in the Southern District of Florida, initiating case number **20-15112-MAM** (the "Third Bankruptcy Filing"). Belkova filed a Suggestion of Bankruptcy in the Deer Run Foreclosure Action, referencing this Third Bankruptcy Filing just prior to scheduled hearings on May 11, 2020, which prompted the State Court to defer ruling on motions set for hearing until further order by the Bankruptcy Court (See State Court Docket at Exhibit H).

35. The Chapter 12 Trustee in the Third Bankruptcy Case (who is also the Chapter 12 Trustee in this case) moved for dismissal of the Third Bankruptcy Case, largely on the basis that Belkova filed the Third Bankruptcy Case while the Second Bankruptcy Case remained pending without entry of a discharge. Deer Run joined the Trustee in requesting dismissal of the Third Bankruptcy Case, but also requested dismissal with prejudice.

36. On June 22, 2020, this Court entered an Order dismissing the Third Bankruptcy Case without prejudice (Third Bankruptcy Case Doc. #37). A copy of the Third Bankruptcy Case docket is attached hereto as **Exhibit "M"** and a copy of the "Order Granting Trustee's Motion To Dismiss Bankruptcy Case Without Prejudice" is attached hereto as **Exhibit "N."**

37. On June 3, 2020, also during the pendency of the Third Bankruptcy Case, Belkova received a Chapter 12 discharge in the Second Bankruptcy Case.

38. Upon dismissal of the Third Bankruptcy Case, Deer Run sought again to proceed with the Deer Run Foreclosure Action, however, on June 25, 2020, Belkova filed another of the multiple notices of unavailability she filed as part of her overall scheme to delay the Deer Run Foreclosure Action (See Exhibit "H").

39. On July 15, 2020, the State Court entered an Order Granting Plaintiff's [Deer Run] Motion for Status Conference, striking Belkova's fourth Notice of Unavailability and deeming it a nullity. Additionally, Deer Run's Motion for Final Summary Judgment of Foreclosure and Defendant's Emergency Motion For Determination of Total Amount Claimed And Permission To Post The Money Into The Registry Of The Court And For Extension Of Time To File Amended Affirmative Defenses were rescheduled for hearing to July 27, 2020.

40. However, by this time, Belkova was able to file a new Chapter 12 case because her 2013 case had concluded. So, on July 23, 2020, during the time period Belkova asserted to the

state court she was unavailable, Belkova filed another voluntary petition for relief under Chapter 12 of the Bankruptcy Code, **initiating Case No: 3:20-bk-02204-RCT** (the "Fourth Bankruptcy Case"). A true copy of the Fourth Bankruptcy Court docket is attached hereto as **Exhibit "O."**

41. The filing of the Fourth Bankruptcy Case again stayed the Deer Run Foreclosure Action yet again, cancelling the July 27, 2020 hearing on Deer Run Association's Motion for Final Summary Judgment of Foreclosure.

42. In connection with the Fourth Bankruptcy Case, Belkova filed initial Schedules in on August 14, 2020 wherein she claimed an interest in Subject Property as a beneficiary of the Trust that owns the Subject Property and referenced Deer Run as a secured creditor. A true copy of Belkova's Schedule A is attached hereto as **Exhibit "P."**

43. On November 2, 2021, Deer Run filed its Motion for Order of Dismissal with Extended Prejudice Period or Prospective Stay Relief. (See Fourth Bankruptcy Case, Doc. #31). PNC and Fidelity joined in Deer Run's Motion.

44. On November 19, 2021 at 11:00 am, the Honorable Roberta A. Colton, after hearing argument from Deer Run, PNC, Fidelity and Belkova, entered an "*Order Granting Motion By Deer Run Property Owners' Association, Inc. For Order of Dismissal And Imposing A Bar To Future Filings For A Period of One Year*" **dated November 19, 2021** and "*Order Granting Motion for Prospective Stay Relief from the Automatic Stay*" **dated November 23, 2020** (the "Fourth Bankruptcy Orders"). True copies of the Fourth Bankruptcy Orders are attached hereto as **Exhibit "Q" and "R,"** respectively.

45. On December 17, 2020, Belkova filed a Notice of Appeal of the Deer Run Fourth Bankruptcy Orders directly to the Middle District Court. A true copy of Belkova's Notice of Appeal is attached hereto as **Exhibit "S"**.

46. **As of September 17, 2021**, Belkova's appeal of the Fourth Bankruptcy Orders has been pending **274 days,** but she has yet to file her brief because, for one reason or another, she has requested multiple extensions from the Middle District Court.

47. Of interest to this Court, the most recent extension was requested by the Debtor's former counsel, Mark Roher, Esq., who filed a Notice of Appearance on behalf of Belkova on **August 31, 2021, the <u>day</u> Belkova's initial brief was due**.

48. On the same day, Mr. Roher requested an additional extension to file Belkova's Initial Consolidated Brief, which the Court granted on **Friday, September 3, 2021**.

49. After securing an extension for Belkova, on the next business day, **Tuesday, September 7, 2021**, Mr. Roher moved to withdraw from representing Belkova, which was **denied without prejudice**. The Middle District Court's Orders granting Belkova an extension to file her initial brief until September 30, 2021, and subsequent Orders that have been since been entered in response to Mr. Roher's Motion to Withdraw are attached hereto as **Exhibits "T-1" through "T-4"**.

## LEGAL ARGUMENT

I. **Dismissal for Bad Faith and Pursuant to 11 U.S.C. 1208(c)**

50. Eleventh Circuit law provides that the totality of the circumstances should be analyzed in determining whether a case should be dismissed for bad faith. *In re Phoenix Picadilly*, 849 F.2d 1393 (11th Cir. 1988), describing totality of circumstances analysis for bad faith in the context of Chapter 11; *In re Kitchens,* 702 F.2d 885 (11th Circ. 1983), contemplating bad faith in the context of a Chapter 13 proceeding.

51. Under *Phoenix Picadilly,* analysis of the following factors is illustrative of a bad faith filing: "(i) The Debtor has only one asset, the Property, in which it does not hold legal title;

(ii) the Debtor has few unsecured creditors whose claims are small in relation to the claims of Secured Creditors; (iii) the Debtor has few employees; (iv) the Property is the subject of a foreclosure action as a result of arrearages on the debt; (v) the Debtor's financial problems involve essentially a dispute between the Debtor and Secured Creditors which can be resolved in the pending State Court Action; and (vi) the Timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights." *In re Phoenix Picadilly, Lt.,* 849 F.2d 1393 (11th Cir. 1988); see also *In re Calzadilla* 151 B.R. 622 (Bkr. So. Dist. Fla., 1993) (J. Weaver, J. Cristol, and J. Mark, *en banc*) applying *Phoenix Picadilly* doctrine in a Chapter 13 context.

52. The *In re Kitchens* decision also enumerates a list of non-exclusive factors for such analysis: "(1) amounts of debtor's income from all sources; (2) living expenses of the debtor and his independents; (3) amount of attorneys fees; (4) probable or expected duration of the debtor's Chapter 13 plan; (5) motivations of the debtor and his sincerity in seeking relief under provisions of Chapter 13; (6) debtor's degree of effort; (7) debtor's ability to earn and likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors; (10) circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; and (11) burden which the plan's administration would place on the Trustee." *In re Kitchens,* 702 F.2d 885 (11th Cir. 1983); 11 U.S.C. §1325(a)(3).

53. The totality of circumstances analysis should be applied in evaluating circumstances of bad faith in all chapters including Chapter 12, as the "Supreme Court has made it clear bad faith is pertinent in all Chapters of the Bankruptcy Code, regardless of whether a

provision contains an explicit good-faith filing requirement." *In re Piazza*, 719 F.3d 1253 at 1265 (11th Circ. 2013), citing *Marrama v. Citizens Bank*, 549 U.S. 365 (2007).

54. In the case at bar, the following supports a finding that this case was filed bad faith warranting dismissal:

    a. The Debtor invoked the jurisdiction of this Court even though she is a Russian Citizen, presently resides in Russia, and offered no proof that she has ever resided within the jurisdiction of this Court, including at the Subject Property, yet claims to operate the Subject Property as a "family farm;"

    b. The Debtor failed to sign her Chapter 12 Petition;

    c. The Debtor filed her Chapter 12 Petition without accompanying her petition with basic mandatory filings, including a Summary of Assets and Liabilities, Schedules A-J, Schedule of Financial Affairs, Declaration Concerning Debtors Schedules, or Payment Advices;

    d. The Debtor filed her Chapter 12 Petition on the same day as Deer Run's state court evidentiary hearing on the amount of attorneys' fee and costs **which was the only remaining judicial labor in that case necessary to enter a Final Judgment of Foreclosure in favor of Deer Run and to set a judicial sale of the Subject Property**;

    e. The Debtor never has attempted to assert an interest in the Subject Property in Deer Run's State Court Foreclosure and her claim to have an interest in the Subject Property now is contrary to the terms of the confirmed Chapter 12 Plan in the Second Bankruptcy Case filed by her daughter.

    f. The evidence before the Court illustrates the Debtor is working in concert with her daughter to delay, hinder or defraud Deer Run, including to delay the forced sale of the Subject Property so that Deer Run may attempt to recover its outstanding assessments in related charges secured by its claim of lien against the Subject Property;

55. There has also been a recent attempt to transfer the Subject Property by Belkova to "Your Florida Realty Services, LLC, as Successor Trustee of the Land Trust Agreement No. 072003 dated 2/9/04. A true copy of the "Trustee's Deed" recorded on July 2, 2021 in Official Record Book 32652, Page 413 of the Public Records of Palm Beach County, Florida for nominal consideration is attached hereto as **Exhibit "U"**.

56. According the Florida Department of State, Division of Corporation's website, Your Florida Realty Services, LLC is a Florida limited liability company organized on June 6, 2021 and filed on June 10, 2021 by Belkova with the Subject Property's address as the principal place of business of this newly filed entity. A true copy of the Articles of Organization filed with Secretary of State June 10, 2021 is attached hereto as **Exhibit "V"**.

57. Based on the foregoing, nearly all factors described in the *Phoenix Picadilly* and *Kitchens* analyses weigh in support of bad faith.

58. The factual history of the Debtor's daughter's actions prior to this case are also relevant. The Debtor's daughter, Belkova, through multiple bankruptcy filings, delayed and hindered Deer Run's State Court Foreclosure **for over 4 ½ years**, and there seems to be no end in sight, as Belkova has made clear she intends to appeal the entry of the Final Judgment of Foreclosure and the Order Awarding Plaintiff Fees and Costs.

59. 11 U.S.C. §349(a) provides that dismissal of a case is without prejudice "unless the court, for cause, orders otherwise." Due to the egregious historical record and facts of this instant case, Deer Run respectfully requests that this Court dismiss this case and find cause for dismissal with a prejudice period of two years.

**II.     Multiple Prior Bankruptcy Filings and 11 U.S.C. §362(d)(4)**

60. 11 U.S.C. §362(d)(4) provides that the automatic stay can be terminated upon a finding that a debtor's filing of a petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting real property or in which an interest in such property was transferred without secured creditor or court approval.

61. An order entered terminating the automatic stay on such a finding can be recorded in the public records and shall have a binding effect prospectively for two years, prohibiting future bankruptcy filings from affecting the real property. 11 U.S.C. 362 §362(d)(4).

62. The instant proceeding represents the fifth bankruptcy filing to impact Deer Run and its secured interest in the Subject Property.

63. Each bankruptcy filing was strategically timed to delay and hinder or attempt to delay and hinder Deer Run in exercising its state court rights against the Subject Property.

64. Moreover, the Debtor's daughter has claimed to be the legal and equitable owner of the Subject Property in multiple court proceedings. Yet on the morning of the day when Deer Run had a scheduled hearing to obtain an award of attorneys' fees and costs and final judgment of foreclosure, the Debtor filed this case, listing all of the secured creditors of the Subject Property **as her creditors**, even though none of these creditors have ever looked to the Debtor to satisfy their respective indebtedness secured by the Subject Property.

65. This begs the question – what was the purpose of filing this Chapter 12 case in the first place?

66. The Debtor's daughter's bad faith actions in state court, this Court, and the Middle District Court to stop Deer Runs State Court Foreclosure are well documented. Moreover, when all avenues to stop Deer Run's State Court Foreclosure of the Subject Property were at end for Belkova, the Debtor picked up the proverbial baton to try and thwart Deer Run's efforts to obtain a Final Judge of Foreclosure and judicial sale date of the Subject Property.

67. Indeed, upon discovery of the properly recorded certified copy of Judge Colton's Prospective Stay Relief Order in the public records, which Mr. Roher conceded was later the day

he filed this Chapter 12 case, the Debtor should have immediately voluntarily dismissed her deficiently filed Chapter 12 petition.

68. Instead, the Debtor sought multiple extensions of time from the Court to file her schedules and other outstanding filings, as well as requested a later date to conduct the first meeting of creditors under Section 341 of the Code.

69. Based on all of the foregoing, it is clear that the Debtor has participated in a scheme to delay, hinder, or defraud Deer Run and to attempt to prevent it from proceeding in state court against the Subject Property. Therefore, proper cause exists for this Court to enter an Order granting Deer Run prospective stay relief to run a two-year period from the date of the Court's Order.

### III.     Section 105(a) of the Bankruptcy Code

70. This Court has the inherent power to impose sanctions on the Debtor upon a finding of a bad faith filing of a petition for relief under the United States Bankruptcy Code. See, e.g., In re Casavalencia, 389 B.R. 292 (Bankr. S.D. Fla. 2008) (citing *Chambers v. NASCO*, 501 U.S. 32. 111 S. Ct. 2123, 115 L.Ed. 27 (1991); *In re Mroz*, 65 F. 3d 1567 (11th Cir. 1995)).

71. The Debtor and her daughter, Belkova, have utilized the automatic stay and protections of the Bankruptcy Code as a sword rather than a shield. The number and timing of bankruptcy filings by the Debtor's daughter have been found to be for the purpose of delaying, hindering, and defrauding Deer Run by Judge Colton in the Middle District, and by the Honorable Judge Sarah L. Shullman of the County Court of the Fifteenth Judicial Court in and for Palm Beach County.

72. When her daughter was legally prohibited from filing another bankruptcy petition to stop Deer Run's State Court Foreclosure because of Judge Colton's Orders, she enlisted the aid of her mother, the Debtor in this case.

73. Accordingly, cause exists for this Court to enter an Order granting Deer Run prospective stay relief to run a two-year period from the date of the Court's Order.

**WHEREFORE**, Creditor Deer Run Property Owners' Association, Inc. respectfully requests this Court grant this Motion and enter an Order Dismissing the Case with a Prejudice Period of two (2) years or, in the alternative, Grant Deer Run Prospective *In Rem* Relief from the Automatic Stay with a two (2) year bar against future filings pursuant to 11 U.S.C. 362(d)(4), so that Deer Run may pursue any and all remedies and rights it may have with respect to the Subject Property in state court, including foreclosure and injunctive relief, and enter any such other and further relief as the Court deems appropriate.

Dated this 17th day of September 2021.

        ROSENBAUM PLLC
        *Counsel for Secured Creditor Deer Run Property Owners' Association, Inc.*
        250 S. Australian Avenue, 5th Floor
        West Palm Beach, FL 33401
        Telephone: (561) 653-2900
        Email: sbraten@rosenbaumpllc.com
        Email: lhenson@rosenbaumpllc.com

        By: /s/ Steven R. Braten, Esq.
            Steven R. Braten, Esq.
            Florida Bar No. 18074

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that true and correct copy of the foregoing Motion has been served electronically this 17th day of September 2021 through the Court's CM/ECF system on all parties on the service list and by U.S. mail on the manual service list:

**Notice will be electronically mailed to:**

Anisa Nazarova, Debtor
almatovalina@mail.ru (Per Doc. 36)

Michele A Cavallaro on behalf of Creditor Fidelity National Title Group
michele.cavallaro@fnf.com, andrea.brodsky@fnf.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Hampton Peterson, Esq on behalf of Creditor Palm Beach County Tax Collector
legalservices@PBCTax.com

**Via Mail**

Anisa Nazarova
d.10 kv.12 Matrosova Street
Russian Federation, Barda
Perm area, 618150,

By: /s/ Steven R. Braten, Esq.
ATTORNEY