Filing # 131667165 E-Filed 07/29/2021 01:44:33 PM

IN THE COUNTY COURT OF THE IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. 2017-CC-001472-XXXXMB

DEER RUN PROPERTY OWNERS
ASSOCIATION, INC.,

    Plaintiff,

v.

LILIA BELKOVA AS SUCCESSOR
TRUSTEE OF THE LAND TRUST
AGREEMENT NO. 072003 DATED 2/9/04,

    Defendant.
_____/

## NOTICE OF FILING LAND TRUST DOCUMENTS

LILIA BELKOVA f/n/a Unknown Tenant 1 ("Defendant") files the attached Land Trust Documents attached hereto as Exhibits A through D.

Dated this 29th day of July, 2021.

                **LAW OFFICE OF MARK S. ROHER, P.A.**
                *Counsel for Defendant*
                1806 N. Flamingo Road, Suite 300
                Pembroke Pines, FL 33028
                Email: mroher@markroherlaw.com
                            ecf.markroher.law@gmail.com
                            ecf2.markroherlaw@gmail.com
                Telephone: (954) 353-2200
                Facsimile: (877) 654-0090

                By:   */s/ Mark S. Roher*
                           Mark S. Roher
                           Florida Bar No. 178098

NOT A CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished e-mail from Florida's E-Portal to all parties.



/s/ Mark S. Roher
Mark S. Roher

# Exhibit "A"

NOT A CERTIFIED COPY

## LAND TRUST AGREEMENT

THIS TRUST AGREEMENT dated this _9th_ day of _February, 2004_, and known as Trust No. 072003 by and between Joseph M. Hanratty as Trustee, and the following beneficiaries in the percentages set opposite their names:

a) James Sobocienski 100 %

1. TRUST: The Trustee is about to take title to real estate under the provisions of Section 698.071, Florida Statues, and he agrees to hold it and the proceeds, profits, and avails thereof, if any, which may come into his possession, in Trust for the uses and purposes and under the terms herein set forth.

2. LAND. The Trustee will take title to the following land located in Palm Beach County, Florida. More particularly described as Lot 122, Deer Run as per the Plat recorded at Plat Book 35, Page 34 in the public records of Palm Beach County.

3. BENEFICIARIES' INTEREST. The interests of the beneficiaries hereunder and of any person who becomes entitled to any interest under this Trust shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided and the right to receive the proceeds from rentals, mortgages, sales or other dispositions shall be deemed to be personal property and may be treated, assigned and transferred as such. No beneficiary now has, or shall hereafter at any time have, any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid: it being the intention of this instrument to vest the full legal and equitable title to said premises in the Trustee.

4. DEATH OF BENEFICIARY. Except as herein otherwise specifically provided, the right and interest of any beneficiary hereunder shall pass at death to his Personal Representative and not to his heirs at law. The death of any beneficiary hereunder shall not terminate the Trust or in any manner affect the powers of the Trustee hereunder.

5. OWNERSHIP. Upon request each beneficiary hereunder shall be issued a Trust Participation Certificate in a form approved by the Trustee which shall indicate the beneficiary's percentage interest in the Trust and the land held by the Trustee.

6. ASSIGNMENT. If Trust Participation Certificates have been issued, no assignment of any beneficial interest hereunder shall be binding on the Trustee until the Trust Participation Certificate representing the assigned shares is surrendered to the Trustee with the assignment noted thereon and a new Certificate or Certificates are issued by the Trustee. If no Trust Participation Certificates have been issued, assignment shall be by an assignment form approved by the Trustee and shall not be binding until signed by the Trustee.

7. LOST CERTIFICATES. In the event a beneficiaries' Trust Participation Certificate is lost, stolen or destroyed, the Trustee shall cancel it on the records of the Trust and issue a new Certificate after receiving an affidavit as to the circumstances of the loss.

8. PURCHASERS. It shall not be the duty of the purchaser of the trust property or any part thereof to see to the application of the purchase money paid therefor, nor shall anyone who may deal with the Trustee be privileged or required to inquire into the necessity or expediency of any act of the Trustee, or as to the provisions of this instrument.

9. DUTY OF TRUST. While the Trustee is sole title holder of the real estate held by him hereunder so far as the public is concerned and has full power to deal with it, it is understood and agreed by the person in interest hereunder, and by any persons who may hereafter become interested, that the Trustee will deal with it only when authorized to do so in writing and that he will, on the written direction of all of the beneficiaries hereunder at the time, make contracts or deeds for the sale of or otherwise deal with the said real estate or any part hereof. Unless so directed by the beneficiaries, the trustee has no power to control or influence the real property or any use of it.

10. TERMINATION BY TRUSTEE. If the trust property or any part thereof remains in the trust twenty (20) years from this date, the Trustee shall, unless otherwise agreed by all parties in writing, convey and deliver the same to the beneficiaries in accordance with their respective interests.

11. LIMITATION ON BENEFICIARIES. No beneficiary hereunder shall have any authority to contract for or in the name of the Trustee, or use the name of the Trustee in any advertising or other publicity or to bind the Trustee personally, unless otherwise provided for by the Beneficiary in a preexisting power of attorney.

12. LIMITATION OF TRUSTEE'S LIABILITY. The liability of the Trustee hereunder shall be limited to the assets of the Trust. All obligations incurred by the Trustee hereunder shall be the obligations of the Trust only and not the individual Trustee. The Trustee shall not be required to enter into any personal obligation or liability in dealing with the Trust property nor to expend any personal sums to defend or protect the Trust property.

13. NOTIFICATION OF CLAIMS. In the event the Trustee shall receive notice of claims or actions against the Trust, he shall notify the beneficiaries at their last known addresses.

14. LIMITATIONS ON AGREEMENTS. This Agreement shall not be deemed to be, create, or evidence the existence of a corporation de facto or de jure, or a Massachusetts Trust, or any other type of business trust, or an association in the nature of a corporation or a general or limited partnership, or a joint venture by or between the Trustees and the beneficiaries.

15. TAXES. Nothing herein contained shall be construed as imposing any obligation on the Trustee to file any income profit or other tax reports or schedules, it being expressly understood that the beneficiaries hereunder from time to time will individually make all such reports and pay any and all taxes growing out of their interest under this Trust Agreement.

16. REPLACEMENT OF TRUSTEE. The Trustee may be replaced in any of the following manners:

a. Resignation. The Trustee may resign at any time by mailing a notice of his intention to do so to each of the beneficiaries at each's last known address. In the event of the resignation of Joseph M. Hanratty as Trustee, Lilia Belkova shall be the Replacement Trustee. In the event of the resignation of Lilia Belkova as Trustee then the beneficiaries may appoint a successor trustee, by lodging an instrument with the Trustee signed by all of the beneficiaries and accepted by the Successor Trustee. If no Successor Trustee is appointed within thirty (30) days, the Trustee may convey the Trust property to the beneficiaries according to their interests and this Trust shall terminate. If, in the opinion of the Trustee, the Trustee may be subjected to embarrassment, litigation, insecurity, liability or hazard, the Trustee may at any time and without notice resign as to all or part of the trust property and convey such trust property directly to the beneficiaries.

b. Replacement. The beneficiaries may at any time replace the Trustee by lodging with him an instrument naming a Successor Trustee, signed by all beneficiaries and accepted by the Successor Trustee. Upon receipt of said instrument and if there shall be no fees due and owing to him, the Trustee shall quit claim the property to the Successor Trustee.

c. Death. In the event of the death of the Trustee hereunder the following in order of their listing (able and willing to act) is appointed Successor Trustee:

   1. Dr Lilia Belkova

If said person is unable or unwilling to act, or if no person is named herein, the beneficiaries hereunder or any of them by mutual agreement, are appointed successor trustee. Recording of an affidavit reciting this paragraph shall be effective to vest title in said Successor Trustee. Any successor trustee under this Trust shall have all of the powers, properties and duties of the original Trustee.

17. RECORDING. This Trust shall not be recorded except as herein provided or required by law.



18. DISCLOSURE. The Trustee shall not release information regarding this Trust except as required by law. In making a disclosure required by law, the Trustee shall supply beneficiaries with copies of any reports filed and shall be subject to no liability for the filing of such reports. The Trustees shall not be liable for inadvertent disclosure of the identity of any beneficiary.

19. PARTITION. The remedy of partition shall not be available to the beneficiaries of this Land Trust

20. FLORIDA RICO ACT. Notwithstanding any provision of this Trust to the contrary, the Trustee shall have no obligation to convey title to real property held by the Trustee pursuant to this Agreement until it has performed or cased to be performed, at the expense of the beneficiaries of this Trust Agreement, a search of the official records of all counties in which such real property is located. If such search discloses that no RICO lien notices have been filed

against any person for whom the Trustee holds legal or record title to real property pursuant to this Trust Agreement, then the Trustee may convey its legal or record title to such real property in accordance with the written instructions of the beneficiary. If such search discloses that one or more RICO lien notices have been filed against any person for whom the Trustee holds legal or record title to real property pursuant to this Trust Agreement then the Trustee shall not convey its legal or record title to such real property unless:

    a. All such RICO lien notices have been released or terminated or such real property has been released from all such RICO lien notices, or

    b. Such persons named in the RICO lien notice agree in writing that the total amount of all proceeds that would otherwise be received directly by such person as a result of the conveyance, will be paid directly to the Trustee, and that the Trustee shall have the right to hold such proceeds, together with the total amount of such proceeds that would otherwise be paid or distributed to such person or at the direction of such person or his designee, until such time as the provisions of subsection a. above have been satisfied, and also agrees, in writing, that at the request of the Department of Legal Affairs of the State of Florida, or the office of any state attorney of the State of Florida, the Trustee, without any liability to the person named in the RICO lien notice, may pay the total amount of such proceeds held by the Trustee pursuant to the provisions of this subsection b. to the Department of Legal Affairs of the State of Florida or the office of any state attorney of the State of Florida.

21. PARTIES BOUND. This Agreement shall extend to and be obligatory upon the heirs, administration and assigns of the respective parties.

22. GENDER. Any references to he or him in this Agreement shall apply to parties of either gender.

23. PARAGRAPH TITLES. The title of paragraphs are for convenience only and shall in no way be used for the purpose of construing the meaning of this Agreement.

24. GOVERNING LAW. This Agreement shall be construed under the laws of the State of Florida.

25. ADDRESSES. The addresses of the parties as of the date of this Agreement for the purposes of notices are:

Trustee: Joseph M. Hanratty, 320 NW 3rd Ave, Ocala, Florida 32705

Beneficiaries: James Sobocienski, C/O Delores Sanchez, 4701 N. Federal Highway, Ste. 316, Lighthouse Point, Fl. 33064.

    IN TESTIMONY WHEREOF, said Trustee accepted the duties of Trustee the day and year first above written and on said day the said beneficiary has signed this Declaration of Trust and Said Trust Agreement in order to signify his assent to the terms hereof.

WITNESSES:                                    BENEFICIARIES:

_Virginia Mary Moore_
Printed Name VIRGINIA MARY MOORE

_Larry Brower_
Printed Name LARRY BROWER

_James Sorocienski_

STATE OF FLORIDA )

COUNTY OF BROWARD )

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgments, personally appeared

who is personally known to me or who has produced _drivers license_ and who executed the foregoing instrument and _he_ acknowledged before me that _he_ executed the same.

WITNESS my hand and official seal in the County and State aforesaid this _9th_ day of _February_, _2004_.

Notary Public

Print Name _Dolores K. Sanchez_

My commission expires:

DOLORES K. SANCHEZ
MY COMMISSION # DD 162599
EXPIRES: March 3, 2007
Bonded Thru Notary Public Underwriters

ACCEPTED BY TRUSTEE:

# Exhibit "B"

NOT A CERTIFIED COPY

```
02/12/2004  11:42:10  20040079334
OR BK 16544 PG 0499
Palm Beach County, Florida
AMT 10.00
Doc Stamp 0.70
Dorothy H Wilken, Clerk of Court
```

RETURN TO:
Champagne Title Services
1850 SW 26 Avenue #304
Pompano Beach FL 33069

This instrument prepared by:
Name:    Dolores K. Sanchez, Esquire
Address: 4701 North Federal Highway
         Suite 316
         Lighthouse Point, Fl. 33064

Folio No.: 00402101000122.0

## WARRANTY DEED

THIS INDENTURE, made effective this 9th day of February 2004 between

**JAMES SOBOCIENSKI, a single man**

whose mailing address is: 15109 Oak Chase Court, Wellington, FL 33414 GRANTOR and

**JOSEPH M. HANRATTY, Trustee of the Land Trust Agreement No. 072003 dated 2/9/04**

whose address is 320 NW 3rd Avenue, Ocala, FL 34475 GRANTEE

WITNESSETH that the Grantor(s), for and in consideration of the sum of Ten and No/100 (10.00) Dollars, and other good and valuable consideration to GRANTOR(s) in hand paid by GRANTEE(s), the receipt whereof is hereby acknowledge, has granted, bargained, and sold to said GRANTEES and GRANTEES' heirs, successors and assigns forever, the following described land, situate, lying and being in the County of Palm Beach County, State of Florida to wit:

> Lot 122, DEER RUN according to the Plat thereof as recorded in Plat Book 35 Page 34 of the Public Records of Palm Beach County, Florida.
>
> Subject to restrictions, reservations, conditions, limitations, and easements of record, if any, and taxes for the year 2004 and subsequent years.

The GRANTOR does hereby fully warrant the title to said land, and will defend the same against lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, the GRANTOR(s) have hereunto set their hand and seal the day and year first above written.

Book16544/Page499                                                    Page 1 of 2

Signed, sealed and delivered in our presence:

_____  _____
WITNESS                          JAMES SOBOCIENSKI
NAME: Dolores K. Sanchez

_____
WITNESS
NAME: Larry Brower

STATE OF Florida

COUNTY OF Broward

The foregoing instrument was acknowledged before me this 9th day of February 2004 by James Sobocienski who is/are known to me personally or who has produced drivers license as identification

_____
Notary Public
Print Name: Dolores K. Sanchez
My Commission Expires:

[Notary Seal: DOLORES K. SANCHEZ, MY COMMISSION # DD 182599, EXPIRES: March 3, 2007, Bonded Thru Notary Public Underwriters]

*NOT A CERTIFIED COPY* (watermark)

Exhibit "C"

NOT A CERTIFIED COPY

```
CFN 20070079487
OR BK 21419 PG 1352
RECORDED 02/15/2007 12:00:06
Palm Beach County, Florida
AMT 10.00
Doc Stamp 0.70
Sharon R. Bock, CLERK & COMPTROLLER
Pg 1352; (1pg)
```

This Instrument Prepared By:
Joseph M. Hanratty, Esquire
320 N.W. 3rd Ave.
Ocala, Florida 34475
(352) 732-3915

## QUITCLAIM DEED

THIS INDENTURE, made effective this 5th day of February, 2006 between Joseph Hanratty, Trustee of the Land Trust Agreement No: 072003 dated February 9, 2004, whose mailing address is: 320 NW 3rd Avenue, Ocala, of the County of Marion, State of Florida, Grantor and Trust Management, LLC, Successor Trustee of the Land Trust Agreement No: 072003 dated 2/9/04 who address is: P.O. Box 250, Morriston, FL 32668, Grantee. There is no change or conveyance of the beneficial interest only the resignation of the Trustee and appointment of Successor Trustee under the Trust.

WITNESSETH, that the Grantor for and in consideration of the sum of Ten and No/100 Dollars ($10.00), and other good and valuable consideration to Grantor in hand paid by Grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to said Grantees and Grantees' heirs, successors and assigns forever, the following described land, situate, lying and being in the County of Palm Beach County, State of Florida to wit:

Lot 122, DEER RUN according to the Plat thereof as recorded in Plat Book 35, Page 34 of the Public Records of Palm Beach County, Florida.

Subject to restrictions, reservations, conditions, limitations and easements of record, if any, and taxes for the years 2007 and subsequent years.

IN WITNESS WHEREOF, the said party of the first part has hereunto set his hand and seal the day and year first above written.

SIGNED, SEALED AND DELIVERED
IN OUR PRESENCE AS WITNESSES:

_Victoria Smith_
Witness
Name: Victoria Smith

_Brandi Jordan_
Witness
Name: Brandi Jordan

_____
Joseph Hanratty, Trustee

STATE OF FLORIDA,
COUNTY OF Marion

The foregoing instrument was acknowledged before me this 5th day of February, 2007, by _Joseph Hanratty_, who is personally known to me or who has produced a driver's license as identification and who ___ did ___ did not take an oath.

_Victoria Smith_
Notary Public

(SEAL)

_Victoria Smith_
Printed name

My Commission Expires:

VICTORIA SMITH
MY COMMISSION # DD 477339
EXPIRES: May 29, 2009
Bonded Thru Notary Public Underwriters

# Exhibit "D"

NOT A CERTIFIED COPY

```
CFN 20120037971
OR BK 24985 PG 1196
RECORDED 01/30/2012 16:55:02
Palm Beach County, Florida
AMT 10.00
Doc Stamp 0.70
Sharon R. Bock, CLERK & COMPTROLLER
Pg 1196; (1pg)
```

**QUITCLAIM DEED**

THIS WARRANTY DEED Made this __29__ day of __September__, 2009, by Trust Management LLC, Successor Trustee of the Land Trust Agreement No: 072003 dated 2/9/04 whose address is 3351 SE 186 AVE, Morriston, FL 32668, Grantor, to Lilia Belkova as Successor Trustee of the Land Trust Agreement No: 072003 dated 2/9/04 whose mailing address is 2251 Buck Ridge Trail, Loxahatchee, FL 33470, Grantee. There is no change or conveyance of the beneficial interest only the resignation of the Trustee and appointment of new Successor Trustee under the Trust.

WITNESSETH: That the Grantor, for and in consideration of the sum of $10.00 and other valuable consideration, receipt whereof is hereby acknowledged hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the Grantee and Grantee's heirs, successors and assigns forever all the certain land situated in Palm Beach County, Florida, to wit:

    Lot 122, DEER RUN, according to the Plat thereof as recorded in Plat Book 35, Page 94 of the Public Records of Palm Beach County, Florida.
    Tax Parcel ID No. _____

Subject to restrictions, reservations, conditions, limitations of record, if any, and taxes for the years 2009 and subsequent years.

IN WITNESS WHEREOF, the said Grantor has signed and sealed these presents the day and year first above written.

TWO WITNESSES               Grantor:

Print: _Karl Stehlin_

Print: _____

*Trust Management LLC as Trustee of Land Trust Agreement 072003 by Lilia Belkova, it's manager.*

STATE OF FLORIDA   )
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this __29__ day of September, 2009 by Lilia Belkova as manager of Trust Management LLC, who is personally known to me or who has produced driver's license as identification and who executed the foregoing instrument and he/she acknowledged before me that he/she executed same on behalf of Trust Management LLC.

Notary Public _____
Print Name _Karl Stehlin_
My commission expires:

KARL STEHLIN
MY COMMISSION # DD 536485
EXPIRES: April 4, 2020
Bonded Thru Notary Public Underwriters