UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In Re:
ANISA NAZAROVA                                    Case No.: 21-17336-MAM
 aka ANISSA NAZAROVA
                                                  Chapter 12
_____/

AMENDED OMNIBUS RESPONSE TO MOTIONS TO DISMISS

COMES NOW the Debtor, ANISA NAZAROVA, and files this *Amended Omnibus Response to Motions to Dismiss* and would state as follows:

1. Deer Run Property Owner's Association, Inc. (Deer Run PoA) filed its Motion to Dismiss at [DE #40] which was joined by the Trustee at [DE #56] and echoed by Fidelity National Title Group ("Fidelity") at [DE #49].

2. The Deer Run PoA Motion is largely an emotional one, meant to cause the court to look entirely at a tortured past it has with a person that is not the Debtor in this case. Indeed, the Debtor herein is not asserting a property interest of anyone other than herself – which is surprising in that of entirety of the 212 pages of documents filed, a low double-digit percentage of those pages actually address this Debtor and this case.

3. And at its core: the Motions exhibit a fundamental misunderstanding of the law of land trusts in Florida in the context of bankruptcy and federal law, that when examined carefully, render the arguments stating Ms. Nazarova has no beneficial interest in the property at issue meritless.

4. Two points are all this court need consider in terms of denying the motions – including the Motion requesting a determination of no stay: the first is that the Movant holds a 50% beneficial interest in the real estate that is the subject of this case. The second is

that no court relevant hereto has held jurisdiction over the Movant or her property rights, and that the actions of the various courts related to Ms. Nazarova violate due process and are a violation of her Fifth and Fourteenth Amendment rights.

5. Addressing Ms. Nazarova's beneficial interests in the real property, the court will undoubtedly hear argument that shows the Land Trust specifies that the Debtor has only an interest in the spoils of the real property and that's it and will recite chapter and verse related to the language of the land trust statute in Florida. With both points, the Debtor takes no umbrage. The problem for the Movants is that neither the language of the land trust nor of the statute control once a bankruptcy case is filed as set forth below.

6. For starters, it is worth noting that Florida's land trust law is of an "Illinois Type" of land trust in that Florida land trusts, just as under the Illinois law it is modelled after, characterize a beneficiaries' interests as personal property without legal or equitable title to the real property. See Matter of Pentell, 777 F.2d 1281, 1284 (7th Cir. 1985): ("Florida's land trust law is modelled after the Illinois land trust law and specifically allows for the creation of Illinois-type trusts. . . ."). See also Elgin State Bank v. Cowsert (In re Cowsert), 14 B.R. 335, 338 (Bankr.S.D.Fla. 1981).

7. Such a regime "is not controlling for purposes of federal law." Matter of Gladstone Glen, 628 F.2d 1015, 1019 (7th Cir. 1980). Looking to the substance of the matter, the Gladstone court went further and held that ". . . the beneficiary of a land trust is the 'equitable owner of real property' within the meaning of the [Bankruptcy Code]." Id. This is the guiding point of law that establishes Nazarova's beneficial interest in the real estate at issue.

8. Closer to home, Judge Whitton noted in his findings of fact in In re: Ameriswiss, 148 B.R. 349 (Bankr. S.D.Fla. 1992) that "[p]ursuant to the express terms of the Trust, Ameriswiss has the sole power (i) "of direction to deal with the title to [the Property]," (ii) to "manage and control [the Property]" and (iii) to "receive the proceeds from rentals, sales, mortgages or other disposition of [the Property]" – which language tracks the language in the trust herein rather remarkably, and flies in the face of the suggestion that Ms. Nazarova holds no beneficial interest in the real estate itself.

9. To further clarify the point,

   [I]n applying the `substance over form' doctrine to `Illinois-type' land trusts the beneficiaries' equitable interest in the trust made the real property part of the debtor beneficiary's estate. This is true as a matter of federal bankruptcy law regardless of how the state characterizes the actual legal ownership of the property.  Pentell  at 1284.

10. Other courts agree that no matter the limiting language of a land trust, federal courts are not constrained by the same and the real property owned by the trust is, in actuality, owned by the beneficiaries.  For example, in In re: Saber, 233 B.R. 547, (Bankr. S.D. Fla. 1999), Judge Hyman was presented with a land trust that stated ". . .the interest of the Beneficiaries 'shall be personal property. The Beneficiar[ies] shall not have any right, title or interest in or to any portion of the legal or equitable title to the Property.'" The court will note that this is nearly word-for-word the language of the trust herein.

11. In the Saber case, Judge Hyman further stated that

   . . . this Court agrees . . . that the beneficiary of a Florida Land Trust is the owner of the real property of the trust even though the trustee holds 100% of the legal and equitable interest in the real property of the Land Trust. This Court, in In re Ameriswiss Associates, 148 B.R. 349, 351 (Bankr.S.D.Fla. 1992), held that "the beneficiary of a land trust is the `equitable owner of real property' within the meaning of the [Bankruptcy Code]" such that if the beneficiary is a debtor, the res of the trust is property of the debtor's bankruptcy estate. Accord Begier v. Internal Revenue Service, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) (ordinary

trust); United States v. Petersen Sand Gravel, Inc., 806 F. Supp. 1346, 1359 (N.D.Ill. 1992) (Illinois Land Trust).

12. Bottom line: Nazarova is, under federal law, a beneficial owner of the subject real estate and no prior court has held jurisdiction over her ownership such that her interests can or should be affected. Moreover, Deer Run PoA's argument that Nazarova's speaking up for her beneficial interests in the real property is somehow sanctionable with an extended prejudice period for filing is not supportable.

13. Turning to the issue of due process, on or about November 23, 2020, United States Bankruptcy Court for the Middle District of Florida, in In re: Russo, Case No.: 3:20-bk-02204-RCT, entered an Order Granting Motion for Prospective Relief from the Automatic Stay [DE #64] ("Order"). Both that Order and a related Order Granting Motion by Deer Run Property Owners' Association, Inc. for Order of Dismissal, and Imposing a Bar to Future Filings for a period of One Year [DE #56] are currently the subject of an appeal before the United States District Court for the Middle District of Florida, Case Nos.: 5:20-cv-619-TJC and 5:21-cv-25-TJC.

14. At the hearing held on November 19, 2021 related to the Order, the bankruptcy court ruled that the subject property, a horse farm in Palm Beach County, Florida[1], was owned by the Debtor in that case, Lilia Belkova Russo. (The Bankruptcy Court "reviewed the record" and determined that Russo "was the owner" of the Palm Beach County horse farm property (See Exhibit A, Transcript, Page #62 Lines 15 – 17)) but this fundamental point of fact was not correct – and as set forth above conflicts with and impacts the beneficial property rights of the Debtor in this case, Anisa Nazarova.

---

[1] The property is located at Lot 122, DEER RUN, according to the Plat thereof as recorded in Plat Book 35, Page 34 of the Public Records of Palm Beach County, Florida.

15. In point of fact, the owner of the property is Land Trust 072003 dated February 9, 2004, as is shown by Exhibit B and recorded at OR Book 16544, Page 0513 of the public records of Palm Beach County, Florida.

16. The 100% beneficial owner of Land Trust 072003 dated February 9, 2004 is Anisa Nazarova as of February 9, 2004, when she purchased those interest at fair market value from an unrelated seller (James Sobocienski).  See Exhibit C.

17. Anisa Nazarova maintained sole beneficial ownership of the Land Trust until July 28, 2009 when she assigned her 100% beneficial interest to the Ms. Russo and herself as tenants-in-common with rights of survivorship.  See Exhibit D.

18. Which is to say that, despite whatever confusion may have been caused by various trustees being assigned and reassigned over the years (including Ms. Russo), the one constant has always been Anisa Nazarova's beneficial interest in the subject property – an interest that has existed for over 17 years.  It is also one that has been well-known to the parties herein (except the Trustee) for many years as well.

19. Anisa Nazarova is, of course, now a subsequent debtor in this case.  Note, however, that the beneficial interest in real estate – her 50% beneficial interest – belongs solely to Ms. Nazarova and no one else.  Particularly not Ms. Russo, no matter what may have been stated in whatever venue.

20. Ms. Nazarova, upon information and belief, has not been a party to any bankruptcy proceedings in the Middle District of Florida; which court has never held jurisdiction over Ms. Nazarova's beneficial interest in the subject property.

21. Which stated simply, means that a real estate ownership interest was determined based solely upon the word of another without a review or any evidence presented as to the

actual ownership of the subject property and now, the government is about to take property without due process as to Ms. Nazarova.

22. Moreover, the stay herein exists as to Ms. Nazarova's 50% interest because it was never addressed by the bankruptcy court that issued Order above.

23. Due process considerations are necessary in this case because it is axiomatic that the taking of property of an individual cannot and should not be done without due process. (Neither states nor the federal government can deprive "any person of life, liberty, or property, without due process of law." U.S. Const. amend. V and XIV.) As related to this Debtor, that means she should be afforded an evidentiary hearing with notice and an opportunity to present evidence and be heard by all effected parties – which is a critical matter, because while the Bankruptcy Court "reviewed the record" and determined that Russo "was the owner" of the Palm Beach County horse farm property [DTR#62 Lines 15 – 17], the court was not presented with any information – and therefore failed to inquire or rule -- as to whether Russo was the ONLY owner. And as set forth above, she was not the only owner[2].

24. Because the Debtor held and holds a 50% beneficial interest that has never been the subject of any bankruptcy case until now, dismissal is not appropriate as she attempts to resolve the claims made against her property. Moreover, because this 50% interest is the for the first time property of a bankruptcy estate, the stay applies and Ms. Nazarova's stay should be recognized.

---

[2] Argument will undoubtedly be made that Russo claimed she was the only owner and that the bankruptcy court made rulings that perhaps stated as much. Even if true (and this is not conceded), none of that can affect the genuine beneficial interest Nazarova had and has in the real property as shown above unless that court had jurisdiction over her – and that never occurred.

25. The question has been raised whether a citizen of another country is entitled to the protections provided by the United States Constitution. Colloquially, the Constitution is very specific in its use of "citizens," whom are afforded certain rights such as voting, and "residents" or "persons" which are much more broadly interpreted. Indeed all one need do to know if the 14th Amendment to the Constitution, which affords "any person" the right to due process under its plain language, applies to non-citizens is turn on the television and see that even illegal immigrants are afforded due process – including those who may be accused of crimes. The foreign accused are still entitled to their Constitutionally protected rights to a speedy trial and a public trial by jury, among other protections.

26. Less colloquially, the Due Process Clause of the Constitution does not ". . . acknowledge [ ] any distinction between citizens and . . . aliens[3]." *Kwong Hai Chew v. Colding*, 344 U.S. 590, 598 n.5 (1953); see also *Zadvydas v. Davis*, 533 U.S. 678,693 (2001) and *Mathews v. Diaz*, 426 U.S. 67, 77 (1976).

27. Finally, as to the issue of whether Ms. Nazarova may be entitled to bankruptcy protection, there is no requirement in the Bankruptcy Code that a debtor be insolvent. Indeed, the question is one best analyzed in view of the tension between the Bankruptcy Clause found at U.S. Const. Art. I, § 8, cl. 4, and the Commerce Clause U.S. Const. Art. I, § 8, cl. 3. The Bankruptcy Power and the Commerce Power are "closely related." *See Ry. Labor Executives' Ass'n v. Gibbons*, 455 U.S. 465-6, 102 S.Ct. 1169, 71 L.Ed.2d 335 (1982).

---

[3] Note that there has been scholarly discourse on the concept of a "resident" versus "non-resident alien", where certain types of rights have historically been more limited, but those distinctions do not apply here. *See,* Cole, David, *Are Foreign Nationals Entitled to the Same Constitutional Rights as Citizens?*, 25 T. Jefferson L. Rev. 367-388 (2003).

28. The points made by the Trustee and the other interested parties related to whether or no the Debtor owes anything on a mortgage hinge on the idea that insolvency must be an inherent requirement for bankruptcy, since bankruptcy power is limited (". . . the statutes enacted thereunder must be "uniform," *see Regional Rail Reorganization Act Cases*, 419 U.S. 102, 156-61, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974); and they must be "on the subject of Bankruptcies." *Continental Illinois Nat Bank Trust Co. v. Chicago, Rock Island Pac. Ry. Co.,* 294 U.S. 648, 669-70, 55 S.Ct. 595, 79 L.Ed. 1110 (1935). By contrast, the Commerce Clause is limited to regulating commerce among or between the several states, *see United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (Gun-Free School Zone Act exceeded congress' Commerce Clause power), but laws enacted thereunder need not be uniform, *see Sec. of Agriculture v. Central Roig Refining Co.,* 338 U.S. 604, 616, 70 S.Ct. 403, 94 L.Ed. 381 (1950) (comparing the Commerce and Bankruptcy Powers). The powers are also exclusive, *see Gibbons,* 455 U.S. at 468-69, which is the crux of the analysis above in terms of the concerns raised. Essentially the argument would be 'if the debtor is solvent, then the issues raised fall exclusively within commerce, but if the debtor is insolvent, only then can the issues invoke bankruptcy.

29. This concern is a red herring however, because as stated above the Bankruptcy Code has no solvency requirement. *See In re Stolrow's Inc.,*, 84 B.R. 167 (9th Cir. BAP 1988) ("[n]either insolvency nor inability to pay debts is a prerequisite to seeking voluntary relief under the Bankruptcy Code."); *see also Sylmar Plaza, L.P.*, 314 F.2d 1070, 1074-75 (9th Cir. 2002) (insolvency not required for a finding of good faith so long as a result consistent with the purpose of the Code is achieved): *In re Capitol Food Corp. of Fields*

*Corner,* 490 F3d 21, 25 (1ˢᵗ Cir 2007); *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 121-22 (3d Cir. 2004).

30. There can be no doubt that if her beneficial interest, which is property of this bankruptcy estate, is ultimately dissipated, this will leave her financially distressed in the extreme, irrespective of whom, what or how various clams upon her property have been made. She is accordingly entitled to relief under the Bankruptcy Code. *See Furness v. Lilienfield*, 35 B.R. 1006, 1009 (D. Md. 1983). *See also* H.R. Rep. No. 595, 95ᵗʰ Cong., 2d Sess. 10 (1978) ("The present purposes of the Bankruptcy Act are twofold: either t *rehabilitee financially a distressed debtor* or to assemble and liquidate his assets for distribution to creditors."). (emphasis added).

31. Ms. Nazarova is therefore a proper debtor whose case should not be dismissed as she comes to this court as a debtor in good faith.

WHEREFORE the Debtor Anisa Nazarova respectfully requests this court deny the motions to dismiss and related motions herein and requests that this court grant such other and further relief as this court may deem just and proper.

## CERTIFICATES

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic and/or U.S. Mail to the Service Matrix on this 22nd day of October, 2021.

Respectfully submitted,

THE ASSOCIATES

        BY  /s/David Lloyd Merrill, Esq.
David Lloyd Merrill, Esquire
Fla Bar No.: 99155
2401 PGA Boulevard, Suite 280M
Palm Beach Gardens, FL 33410
(o) +1.561.877.1111
(f)  +1.772.409.6749
dlm@theassociates.com