


**ORDERED in the Southern District of Florida on March 8, 2022.**

Mindy A. Mora, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In re: Case No.: 21-17336-MAM

Anisa Nazarova, Chapter 12

Debtor.
_______________________________________/

**ORDER GRANTING AMENDED APPLICATION FOR FEES (ECF NO. 86) AND APPROVING SUPPLEMENTAL FEE APPLICATION (ECF NO. 93)**

**THIS MATTER** came before the Court at an evidentiary hearing on December 16, 2021 at 9:30 a.m., later continued to January 28, 2022 at 9:30 a.m. (the "Evidentiary Hearing"), upon the following matters:

- Creditor, Deer Run Property Owners' Association's Motion to Dismiss Case With Prejudice for Bad Faith Filing, or in the alternative, Motion for Relief from Stay for Two Year Prospective Relief (ECF No. 40);
- Creditor, Fidelity National Title Group's Motion to Dismiss Case With Prejudice (ECF No. 49);

- Debtor's Motion to Receive Post-Petition Retainer (ECF No. 60) and the Objection thereto (ECF No. 81);
- Motion to Withdraw as Attorney of Record by David Merrill (ECF No. 72); and
- Application for Compensation for David Merrill, Attorney for Debtor (ECF No. 78) and Amended Application (ECF No. 86).

At the Evidentiary Hearing, Attorney David Merrill, in his present capacity as attorney for Debtor pending approval of his withdrawal as counsel, sought fees for services rendered in this Bankruptcy Case. This Order addresses Merrill's request for fees for his law firm (named The Associates), as amended (ECF Nos. 78 and 86) (the "Application"). In support of the Application, Merrill filed a supplemental request for fees at ECF Nos. 93 (the "Supplement") and a memorandum regarding the request as ECF No. 98 (the "Fee Memorandum").

BACKGROUND

Several parties in interest objected to the Application and the Supplement, including Lilia Belkova Russo ("Belkova"), Debtor's daughter. Belkova has previously been a debtor herself in numerous bankruptcy filings involving the same real property (the "Property") that was at issue in this bankruptcy case (the "Bankruptcy Case") and asserted impassioned arguments regarding Merrill's representation. Most of Belkova's arguments arose from the completion of a foreclosure sale involving the Property, which left her distressed.

Counsel to various creditors and the Chapter 12 Trustee all interposed objections (the "Objections") to Merrill's representation of Debtor in this Bankruptcy Case on an entirely different basis. These parties collectively argued that the Bankruptcy Case itself had no merit and should not have been filed. The gist of their arguments, essentially, was that Merrill should have declined to represent Debtor in a case that appeared to have been filed in bad faith.

Merrill countered the Objections on two primary bases: first, that all debtors deserve at least basic representation, even if the Court ultimately dismisses the bankruptcy case, and second, that the services he performed were both necessary and beneficial to the estate. Merrill pointed out that he was brought in after the filing of the case and thus did not participate in the decision to file; rather, he merely aided Debtor in her attempts to make an existing chapter 12 case feasible. Merrill further argued that, when the full scope of the underlying facts became clear and his relationships with Belkova and Debtor deteriorated, he filed an appropriate motion to withdraw.

In the Fee Memorandum, Merrill addressed concerns regarding his lack of filing a retention application upon his initial engagement. In support of a fee award absent prior court approval of his retention, Merrill listed prior chapter 12 cases in this district in which no formal retention application was filed.

ANALYSIS

A. Was a Retention Application Necessary?

The Court first considers the question of whether, in a chapter 12 bankruptcy

case in this district, counsel to the debtor must file a retention application. The short answer is no, it is not required under the Court's existing local rules as of the date of entry of this Order. That being said, it is a good idea to do so as a general practice.[1]

Filing a retention application at the outset of a case provides all parties in interest with disclosure regarding the nature of services to be provided, rate to be charged, and the opportunity to object to any aspects of retention that the parties find questionable or unnecessary. In this instance, Merrill provided disclosure of his retention and retainer on Bankruptcy Form 2030 (ECF No. 45). Because no other requirement presently exists under local rules for the employment of debtor's counsel in a chapter 12 case, the Court will not penalize Merrill for his failure to file a retention application.

B. Were the Services Necessary?

The Court agrees with Merrill that any debtor, even those with blemished records, can benefit from expert legal advice. As Merrill pointed out, he did not encourage Debtor to file, nor did he advise her to do so. He was asked to step in after her prior counsel withdrew and, at the time of retention, knew very little about what had transpired prior to his engagement.

Although it is tempting to second-guess whether Merrill should have dug more deeply into the background facts prior to agreeing to the representation, that sort of

[1] Although not required in chapter 12 cases in this district, the Court recommends that practitioners in future chapter 12 cases file a retention application to avoid (or at least minimize) disputes regarding fees after the work has already been performed.

thinking could have unanticipated consequences. Many debtors have complicated and somewhat unsavory financial histories. Others have unique circumstances, like family members who have previously filed for bankruptcy relief. Some are serial filers themselves. An even smaller number are foreign residents. The existence of many of those same factors in this case did not make Merrill's representation automatically inappropriate. As a result, the Court concludes that at least some portion of Merrill's services were necessary and appropriate under the circumstances.

C. Were the Fees Reasonable?

To determine the compensable amount of services rendered, the Court reviewed the invoices attached to the Application, the Supplement, and the Fee Memorandum, as well as the full record of this Bankruptcy Case. Having done so, the Court determines that Merrill should be compensated for all services described in the Application and the Supplement.

In arriving at this determination, the Court observes, perhaps academically, that approval of the Application and Supplement does not equate to collectability for the fees described therein. Debtor is a foreign national whose only known major asset within the territorial United States was a beneficial interest in the Property, which was recently sold at a foreclosure sale. Debtor's daughter, Belkova, provided Debtor's initial retainer and appears unlikely to be willing to satisfy Debtor's obligation out of her own personal funds. Despite these practical hurdles, the Court believes that it is appropriate to approve both the Application and the Supplement over the objections of the Chapter 12 Trustee, Debtor's creditors, and Belkova.

Belkova supplied two primary objections to approval. First, Belkova took issue with adjustments to prospective filings that she supplied to Merrill on Debtor's behalf. Second, Belkova contended that Merrill "guaranteed" a positive outcome in this Bankruptcy Case. Neither argument has merit.

As Debtor's counsel, Merrill was required to evaluate the accuracy and propriety of filings prior to submission, and likewise to review prior filings for the same characteristics. One of the major functions of counsel in any bankruptcy case is ensuring the accuracy and truthfulness of any representations to the Court. The record indicates that Merrill did his best to review all prior filings and provide innovative legal arguments despite difficult facts, all of which had to be disclosed.

Merrill refuted Belkova's contention that he guaranteed a positive outcome and the Court finds Merrill's testimony plausible. Merrill is an experienced practitioner who understands that this Court rules as it must under the law. Merrill likewise indicated through his testimony that he believed (as the Court does) that no attorney can prospectively "guarantee" what that result will be in a disputed matter.

Belkova was visibly distressed and emotional at times while testifying during the Evidentiary Hearing. It was evident that the foreclosure sale of the Property, the issuance of the Certificate of Title, and the sheriff's execution of a writ of possession affected her deeply. Taking all factors into account, the Court concludes that Belkova's extreme anguish over the loss of the Property likely prompted at least some of her protestations regarding Merrill's compensation for legal services in this Bankruptcy Case.

Finally, the Court turns once again to the objections by Debtors' creditors and the Chapter 12 Trustee that Merrill should not be compensated for his representation of Debtor in her Bankruptcy Case. Those objections appeared to be borne out of the frustration of dealing with yet another bankruptcy case involving the Property. The Property's twisting and unfortunate saga through the bankruptcy courts and state courts, however, does not diminish the reality that all parties were best served by competent representation for all parties in this Bankruptcy Case.

This is precisely why the Court declined to grant Merrill's request to withdraw prior to the Evidentiary Hearing. Having required Merrill to remain in place to ensure the benefit of representation for Debtor at the Evidentiary Hearing, the Court declines to now penalize Merrill and The Associates for Merrill's efforts.

Therefore, the Court, having considered the Application, the Supplements, the Fee Memorandum, the Objections, and the full record of this Bankruptcy Case, hereby **ORDERS** that:

1. The Application and Supplement are each **APPROVED** on a final basis. All objections to the Application, Supplement, and the Fee Memorandum are **OVERRULED**.
2. The Associates, in its capacity as counsel to Debtor, is awarded (i) final fees in the amount of **$17,258.00** and (ii) final expenses in the amount of **$382.64** for a total final award of **$17,640.64** (the "Fee Award") in this case.
3. In approving the Fee Award, the Court has evaluated the factors set

forth in *In re: First Colonial Corp*., 544 F.2d 1291 (5th Cir. 1977); and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) and finds that the amounts awarded herein represent reasonable compensation for actual and necessary services rendered and expenses incurred by The Associates during this Bankruptcy Case as counsel to Debtor.

4. Upon entry of this order, The Associates is authorized to apply the balance of any retainer to the Fee Award.

###

Copies furnished to:

David Merrill, counsel to Debtor
*Attorney Merrill is directed to serve this Order upon all interested parties in accordance with all applicable rules.*